IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAVIER ZAPATA TOVAR, | § | |
| Movant, | § | |
| | § | |
| v. | § | No. 3:18-CV-528-B (BT) |
| | § | (No. 3:15-CR-381-B-1 (BT)) |
| UNITED STATES OF AMERICA | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Javier Zapata Tovar, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny the motion.

I.

On April 19, 2016, pursuant to a plea agreement, Tovar pleaded guilty to possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C). (Crim. Docs. 62-64, 68).[1] The District Court sentenced Tovar to 240 months' imprisonment. (Crim. Docs. 124, 144 at 72). Tovar filed a direct appeal, which the Fifth Circuit dismissed on June 20, 2017.

---

[1] When referencing the docket, the Court will designate the Criminal Action No. 3:15-CR-381-B-1 as "Crim. Doc."

*See United States v. Tovar*, 691 F. App'x 138 (5th Cir. 2017). He did not file a petition for a writ of certiorari. (Doc. 5 at 5).

On August 30, 2018, the Court received Tovar's timely-filed § 2255 motion. (Doc. 5). In his motion, Tovar argues that his guilty plea was "unlawfully induced or not made voluntarily," and that his counsel provided ineffective assistance at sentencing. (*Id.* at 7-9). He additionally alleges that his appellate counsel was ineffective for failing to raise certain issues on appeal. (*Id.* at 8).

## II.

Tovar first argues that his guilty plea was not voluntarily made because he did understand "the nature of the charge and the consequences of the plea." (Doc. 5 at 7). He states that he was "unaware . . . that as a result of his guilty plea, the Government would be allowed to add 24 kilograms of methamphetamine drug weight as relevant conduct to be considered at sentencing." (*Id.*) This argument is procedurally barred.

The issue Tovar raises could have been raised on direct appeal. It is well settled that a collateral challenge may not take the place of a direct appeal. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude. . . and may not raise an issue for the

first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error. *Id.* at 232. Tovar claims his guilty plea was unknowing and involuntary. (Doc. 5 at 7). He could have raised this issue on direct appeal, but failed to do so. And he has not shown either cause for his procedural default and actual prejudice resulting from the error, or demonstrated that the alleged violation probably resulted in the conviction of one who is actually innocent. *Shaid*, 937 F.2d at 232. Thus, Tovar's issue is procedurally barred from review. *Id.*

Even if the issue were not procedurally barred, it lacks merit. Tovar signed a plea agreement, which acknowledged, "[t]his plea of guilty is freely and voluntarily made and is not the result of force or threats, or promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose." (Crim. Doc. 62 at 5). Tovar acknowledged that the maximum penalty for his conviction is "not more than twenty years," that he had reviewed the Sentencing Guidelines with his attorney, that the guidelines are advisory, and that "the actual sentence imposed (so long as it is within the statutory maximum) is solely left to the discretion of the Court." (*Id.* at 2). He additionally acknowledged that he had "thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation . . . [he] has received

from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement." (*Id.* at 5). Tovar then conceded "that he is guilty, and after conferring with his lawyer, [he] has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case. (*Id.*)

At Tovar's change of plea hearing, the Court advised Movant of the rights he would retain if he pleaded not guilty as well as the rights he would give up if he pleaded guilty. (Crim. Doc. 140 at 3-5). The Movant assured the Court that he had discussed with his attorney how the sentencing guidelines might apply in his case. (*Id.* at 6-8). The Court specifically stated that the Sentencing guidelines are advisory, that the Court must consider them but may depart from the guidelines under certain situations, and that the Court may "impose punishment that disregards stipulated facts or takes into counts not mentioned in the stipulations." (*Id.* at 7). The Court further stated that it will not be able to determine the Guidelines sentence "until after a presentence report has been prepared and you and the Government have had an opportunity to challenge the facts and the conclusions reported by the Probation officer." (*Id.* at 8). Tovar acknowledged that he understood the court's explanations. (*Id.*)

The Court had the Government outline the elements of the offense, possession with the intent to distribute a controlled substance, and Tovar stated he understood them. (*Id.* at 10). Further, Movant acknowledged that he had reviewed the facts of his case with his attorney and that he was satisfied with his attorney's representation. (*Id.* at 10-11). Tovar acknowledged that he read his plea agreement before signing it and that he entered into the agreement voluntarily and freely, and that no threats or promises were made to him in an effort to secure his signature on the agreement. (*Id.* at 11-12). The Court explained that the statutory maximum sentence Tovar could receive was not more than twenty years of imprisonment, which Movant understood. (*Id.* at 12-13). Tovar then pleaded guilty to the charge in open court. (*Id.* at 14-15).

Formal declarations in open court carry a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). And where the record establishes that the defendant understood the nature of the charge against him and the direct consequences of his act, the rudimentary demands of a fair proceeding and a knowing, voluntary plea are satisfied. *Wright v. United States*, 624 F.2d 557, 561 (5th Cir. 1980). If a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Diaz v. Martin*, 718 F.2d 1372,

1376-77 (5th Cir. 1983); *United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992); *see also United States v. Cortez*, 413 F.3d 502 (5th Cir. 2005).

Additionally, "[t]he consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged." *Barbee v. Ruth*, 678 F.2d 634, 635 (5th Cir. 1982). Because, as demonstrated above, Tovar "understood the length of time he might possibly receive, he was fully aware of his plea's consequences." *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir.1990) (quoting *Barbee*, 678 F.2d at 635). Tovar's plea was knowing and voluntary.

## III.

Next, Tovar raises numerous claims that his counsel provided ineffective assistance. To succeed on a claim of ineffective assistance of counsel, a movant must show "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id*. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir.

1981); *see also Rubio v. Estelle,* 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984).

Secondly, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The movant must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove prejudice, the court need not address the question of counsel's performance. *Id.* at 697. Merely presenting "conclusory allegations" of deficient performance or prejudice is insufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.

Tovar asserts that his counsel provided ineffective assistance at sentencing by "not objecting to the inclusion of 24 kilograms of methamphetamine drug weight on the ground that the amount was not reliably known to [the] government prior to [his] plea agreement." (Doc. 5 at 7). He later refines this argument to allege that his attorney should have objected to the inclusion of the 24 kilograms of methamphetamine because it was "not included in the original [Presentence] Report" and because there was not "sufficient indicia of reliability" as to the amount. *See id.*

There is no requirement that the quantity of drugs used to asses Tovar's sentence be included in his plea agreement. With regard to the possible length of a sentence, all that is required is that he be advised of the maximum possible prison term and fine for his offense. *See Barbee*, 678 F.2d at 635. Thus, any objection by Tovar's counsel on this ground would have been futile. Counsel is not ineffective for failing to make frivolous or futile motions or objections. *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir.2002); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).

The same is true for his next two arguments. Although the addition of the 24 kilograms of methamphetamine was not included in the original Presentence Report ("PSR"), the additional drugs were included in an addendum to the PSR, to which Tovar's counsel filed objections and argued against at the sentencing hearing. (*See* Crim. Doc. 144 at 23-42, 44-45). And with regard to the indicia of reliability for including the drug weight, the record shows that the Court determined it was sufficient. Prior to overruling Tovar's objections, the Court stated,

> So if someone says, this one defendant had 30 kilograms and it's just this one co-defendant, we don't know who they are and there's nothing else to corroborate that this person was even a drug dealer or that this person talking would even know what they were talking about, well, that's never going to be enough.

>    Here I agree with [the Government's counsel]. This is even
>    beyond what we normally get. You've got six witnesses that
>    were interviewed, almost all in person by this agent -- several
>    of them, maybe not all of them. You've got money, you've got
>    him stopped with drugs, you've got descriptions that are very
>    uniform by separate people talking at separate times. You've
>    got the cell phones. You've got the -- I guess the cell phone
>    pictures and all of that, and I'm not remember[ing] all of it.
>    But [the Government's counsel] brought it out and the agent's
>    credible testimony supported it as well.
>
>    So I overrule the objection.  I understand why you brought it.
>    It makes perfect sense, particularly since it was one thing and
>    then it's three times more, but I think that's been more than
>    adequately explained by [the Government]. So I overrule the
>    objection.

(Crim. Doc. 144 at 51-52). Thus, any objection to the 24 kilograms of methamphetamine not being included in the original PSR, or to the sufficiency of the indicia of reliability as to the drug weight for which Tovar was held responsible would have been futile. Therefore, Tovar's counsel was not ineffective in not raising these objections. *See Johnson*, 306 F.3d at 255; *Koch*, 907 F.2d at 527.

Next, Tovar asserts that his counsel provided ineffective assistance by not objecting to "the Government's failure to make a 'good cause' showing for nondisclosure of the identities of the Government's confidential informants before information provided by the informants could be considered at sentencing," and "the Government's failure to provide sufficient corroboration" of the drug-amount information provided by the informants. As with the

previous claims, these claims fail because any objection to the nondisclosure of the informants' identities, or lack of corroboration would have been futile.

Regarding the informants' identities, the record demonstrates that the Court was adamant that the informants' identities should not be revealed. At the sentencing hearing, as Tovar's counsel began questioning the law enforcement agent who had interviewed the informants, the Court paused the proceedings and informed Tovar's counsel that,

> We are still not going to get into the identity of them. You have a burden to meet to get there. I'm assuming the government isn't agreeing to disclose the identities.
>
> . . . .
>
> Understood. We just have to be careful, because the two interests collide. So I think some questions might not necessarily do anything for information on how true or untrue it is, but, if anything, go more to identity and that's what we are trying to avoid. I don't know that the Court needs to know any of this information.

(Crim. Doc. 144 at 26-27). The Court further instructed Tovar's counsel that during his questioning of the law enforcement officer regarding the informants, he must "not get[] down to who [the informants] are, because I don't think you can do that." *Id.* at 32.

Regarding the issue of sufficient corroboration, Tovar's counsel thoroughly questioned the law enforcement officer regarding the corroboration

he had for the informants' statements and why he believed the informants were

credible. (*See* Crim. Doc. 144 at 23-42). Additionally, the Court stated that:

> [T]he 5th Circuit has, as several other circuits, allowed this
> approach, hearsay, uncorroborated testimony by informants
> and co-defendants and that type of thing without identifying
> them, assuming the agent is able to bring out in that context
> that other details of the investigation surrounding that
> particular incident are corroborated.
>
> It's kind of a -- in other words, what they've done has been
> proven reliable because other parts of the investigation have
> been shown to be true either by firsthand knowledge, by
> eyewitness testimony, and so therefore they can go ahead and
> say -- and this is context by context, scenario by scenario --
> that this particular person who has told them -- three or four
> people that told him they had  this much at this amount at
> this time is likely to be something the Court can rely upon as
> reliable, because there are other pieces of information that
> have been corroborated. The agent has seen it, they've got the
> drugs, they've stopped the man in the car. It's a little bit
> mushy, but you can do it assuming you can get enough to
> indicate there is some reliability in the investigation as a
> whole.

(*Id.* at 29-30). The Court then determined that the drug quantity determination

was proven by a preponderance of the evidence. (*Id.* at 70-71). Thus any

objection regarding the reasons for the Government not disclosing the

confidential informants' identities, or the lack of corroboration of the

informants'  statements would have been futile, and counsel was not ineffective

for failing to raise those objections. *See Johnson*, 306 F.3d at 255.

Next, Tovar claims his counsel provided ineffective assistance by "fail[ing] to object to [a] statement in the presentence report which tended to connect Mr. Tovar to [a] Mexican drug cartel." (Doc. 5 at 8). Specifically, he states that there was no support for the statement in the PSR "which referenced the Zapata/Carrillo drug organization." (*Id.*)

The PSR, at paragraph 13, states the following:

> On January 27, 2015, a cooperating source (CS) . . . . provided information regarding the Zapata-Carrillo drug trafficking organization (DTO), which is based in the El Varrio neighborhood of Dallas, Texas. The CS reported that the Zapata-Carrillo DTO is aligned with the Los Zetas drug cartel in Mexico. . . . The CS named various indicted and unindicted conspirators who played various roles in transporting the drugs along the route. The CS identified Tovar as a receiver of methamphetamine from this route, once the drug arrived in Dallas, Texas.

(Crim. Doc. 95-1 at 6 ¶ 13). Tovar provides no support from the record for his vague and conclusory claim. He does not identify what was erroneous about the statement in the PSR, nor direct the Court to any evidence in the record to support his general claim. Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)); *see also Lookingbill v.*

*Cockrell*, 293 F.3d 256, 263 (5th Cir. 2002) (stating that where a habeas petitioner fails to brief an argument adequately, it is considered waived).

Furthermore, Tovar fails to affirmatively demonstrate any prejudice. He simply avers that "he was harmed by defense counsel's failure to object because the Government used the statement to bolster it's case against Mr. Tovar that he was a big-time drug dealer." (Docs. 5 at 8; 13 at 22). Presenting only "conclusory allegations" of deficient performance or prejudice is insufficient to meet the *Strickland* test. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

While Tovar additionally alleges prejudice due to his counsel's failure to object to the PSR statement because he "received a 2-level increase for 'drug importation,'" he is factually incorrect as to the reason for the increase. Pursuant to the United States Sentencing Guideline § 2D1.1(b)(5), the PSR recommended a two-level increase to Tovar's offense level because he was identified "as a receiver of methamphetamine which was imported utilizing a Mexico/US drug route operated by the Zapata-Carrillo drug trafficking organization." Sentencing Guideline § 2D1.1(b)(5) states,

> If (A) the offense involved the importation of amphetamine or methamphetamine or the manufacture of amphetamine or methamphetamine from listed chemicals that the defendant knew were imported unlawfully, and (B) the defendant is not subject to an adjustment under §3B1.2 (Mitigating Role), increase by 2 levels.

U.S.S.G. § 2D1.1(b)(5) (Nov. 2015). The language of this guideline section demonstrates that whether Tovar was "connected" to the cartel is inconsequential for purposes of this two-level increase. Thus, he fails to demonstrate prejudice due to his counsel not raising an objection to a PSR statement that "tended to connect" him to a Mexican drug cartel.

Tovar additionally claims his counsel provided ineffective assistance by failing to object "to the Government's repeated reference to the $10,873 that was found in the vehicle [he] was driving at the time of his arrest." (Doc. 5 at 9). In his reply brief he further posits that "since the Government had no 'sufficient corroboration by other means of information furnished' by the undisclosed confidential informants, the Government repeatedly referred to the $10,000 in an attempt to corroborate the undisclosed informants." (Doc. 13 at 24).

As has been made clear, defense counsel is not ineffective for failing to make futile objections. *See Johnson*, 306 F.3d at 255. Here, the Court found that the burden had been met for the inclusion of the $10,873, in the calculation of Tovar's sentencing guideline range. (*See* Crim. Doc. 144 at 51-52, 55 ). Thus, any objection to the Government's reference to it at the sentencing hearing would have been futile. Accordingly, Tovar's counsel was not ineffective for failing to make that futile objection. *See Johnson*, 306 F.3d at 255.

In his reply brief, Tovar also appears to argue that he should not have been held responsible for the entire $10,873. (*See* Doc. 13 at 26). The Court should not address this issue as it is procedurally barred. Tovar could have, but failed to raise the issue on direct appeal, and he has not shown either cause for his procedural default and actual prejudice resulting from the error, or demonstrated that the alleged violation probably resulted in the conviction of one who is actually innocent. *Shaid*, 937 F.2d at 232. Thus, the issue is procedurally barred from review. *Id.*

Tovar alleges his counsel provided ineffective assistance on appeal "for filing an *Ander*'s brief and not briefing defense counsel's errors on direct appeal." (Doc. 5 at 8). In his reply brief, Tovar states that his appellate counsel should have raised on direct appeal the issues Tovar now raises in his § 2255 motion. (*See* Doc. 13 at 23).

A counsel's performance on appeal is judged under the two-prong *Strickland* test. *See Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998). "On appeal, effective assistance of counsel does not mean counsel who will raise every nonfrivolous ground of appeal available." *Id.* at 1043. "Rather, it means, as it does at trial, counsel performing in a reasonably effective manner." *Id.* To demonstrate prejudice, a petitioner must "show a reasonable probability that, but for his counsel's unreasonable failure . . ., he would have prevailed on his

appeal." *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001) (citations omitted). Although it is "possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim . . . it is difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000).

Here, Tovar fails to demonstrate he was prejudiced by his appellate counsel's action. He states only that he was harmed by his appellate counsel's "failure to raise any of the above mention grounds for relief [from his § 2255 motion]." (Doc. 13 at 23). He makes a general claim that "[h]ad appellate counsel raised any of the grounds raised by Mr. Tovar in his motion, there is a reasonable probability of a different outcome on direct appeal." (*Id.*). The Court notes that it has found the claims in Tovar's § 2255 motion to be insufficient to warrant relief. And Tovar has failed show a reasonable probability that but for his appellate counsel actions, he would have prevailed on appeal. Thus, his claim fails to demonstrate his appellate counsel provided ineffective assistance. *Briseno*, 274 F.3d at 207.

Lastly, in his reply brief, Tovar appears to allege that he warrants relief due to the cumulative effect of each individual claim of ineffective assistance of counsel. (*See* Doc. 13 at 26). The Fifth Circuit has held that "[f]ederal habeas relief is only available for cumulative errors that are of a constitutional dimension." *Coble v. Quarterman*, 496 F.3d 430, 440 (5th Cir. 2007) (citing

*Livingston v. Johnson*, 107 F.3d 297, 309 (5th Cir. 1997). Because Tovar fails to establish that his counsel provided ineffective assistance under *Strickland*, regarding any of his claims, he has not identified any errors of constitutional dimension. Thus, this claim can provide no relief. *See id.*

## V.

Tovar requests "ten minutes of oral argument [to] assist the court in determining the merits of these issues [in his § 2255 motion]." (Doc. 13 at 2). The Court construes this request as a request for an evidentiary hearing. Tovar is not entitled to an evidentiary hearing, however. "When the files and records of a case make manifest the lack of merit of a section 2255 [motion], the trial court is not required to hold an evidentiary hearing." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *see also Unites States v. Cervantes*, 132 F.3d 1106, 1111 (movant was not entitled to an evidentiary hearing because he did not meet his burden of proof under section 2255). Accordingly, because Tovar's claims lack merit for the reasons stated above, no evidentiary hearing is required in this § 2255 proceeding.

## VI.

The Court should deny the § 2255 motion for failure to make a substantial showing of the denial of a federal right.

Signed December 26, 2019.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JDUGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).