IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAVIER ZAPATA TOVAR, § | |
| § | |
| Movant, § | |
| § | No. 3:18-cv-0528-B (BT) |
| v. § | No. 3:15-cr-0381-B-1 |
| § | |
| UNITED STATES of AMERICA, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Javier Zapata Tovar filed a *pro se* motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255. The petition was denied, and on appeal, the Fifth Circuit Court of Appeals remanded the case to the District Court to address certain issues related to the Fifth Circuit's appellate jurisdiction under 28 U.S.C. § 2107(b) and Federal Rule of Appellate Procedure 4(a)(1)(B). For the following reasons, the Court should adopt the findings contained herein and return this case to the Fifth Circuit Court of Appeals for further proceedings, or dismissal, as may be appropriate.

I.

The Court received Tovar's § 2255 petition on March 6, 2018. (ECF No. 2.) After the petition was fully briefed, the United States magistrate judge entered findings, conclusions, and a recommendation in which she recommended that the Court deny the petition because Tovar failed to make a substantial showing of the

1

denial of a federal right. (ECF No. 16.) On January 29, 2020, the Court accepted those findings, conclusions, and recommendation; denied a certificate of appealability; and entered judgment. (ECF Nos. 17, 18.) Tovar then filed two notices of appeal. (ECF Nos. 20, 22.) The Fifth Circuit received the first notice of appeal on July 21, 2020, which it forwarded to this Court. (ECF No. 20.) And on August 17, 2020, this Court received the second notice of appeal. (ECF No. 22.)

On November 12, 2020, the Fifth Circuit entered an order regarding its appellate jurisdiction over the case and ultimately remanded the case to this Court for relevant findings. (ECF No. 24.) In its order, the Fifth Circuit noted that a notice of appeal in a civil action in which the United States is a party, such as this one, must be filed within sixty days of entry of the judgment or order from which appeal is taken. (*Id.* at 1-2) (citing *United States v. De Los* Reyes, 842 F.2d 755, 757 (5th Cir. 1988)). The Fifth Circuit found that because the final order was entered and a certificate of appealability was denied on January 29, 2020, the deadline for filing a timely notice of appeal was Monday, March 30, 2020, because the sixtieth day fell on a Sunday. (*Id.* at 2.) (citing Fed. R. App. P. 26(a)(1)(C)). The Fifth Circuit further found that Tovar filed two notices of appeal. (*Id.*) The first notice of appeal was dated July 14, 2020 and stamped as filed on July 21, 2020.[1] (*Id.*) The second notice of appeal was dated August 12, 2020 and stamped as filed on August 17,

---

[1] A *pro se* prisoner's notice of appeal is deemed filed at the time it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988); *United States v. Mabrey*, 769 F. App'x 151, 151 (5th Cir. 2019) (per curiam); *see also* Fed. R. App. P. 4(c)(1)(A)(ii) (codifying the prison mailbox rule).

2

2020. (*Id.*) In the first notice of appeal, Tovar stated: he was not notified by this Court that he could file an appeal; he had been hampered by COVID-19 lockdowns; and he asked that his late filing be accepted. (*Id.*) The Fifth Circuit noted that when a notice of appeal, such as Tovar's first notice of appeal, contains an explanation for why it is late, it may be treated as a motion to reopen the time to file the notice of appeal. (*Id.*) (citing *Quintana v. Unknown Agents*, 708 F. App'x 202 (5th Cir. 2018); *Briggs v. Lucas*, 678 F.2d 612, 613 (5th Cir. 1982)). The Fifth Circuit ultimately remanded the case back to this Court to address the following issues: (1) the circumstances under which Tovar received notice that final judgment had been entered: (2) when he received that notice; (3) if he used the prison mail system to mail his notice of appeal and motion to reopen; (4) if he used the prison mail system, when he placed his filings in the mail; and (5) whether any party would be prejudiced. (*Id.* at 2-3.)

On November 17, 2020, the magistrate judge sent Tovar a Magistrate Judge's Questionnaire on each of the issues the Fifth Circuit directed this Court to address. (ECF No. 25.) Tovar was given thirty days to respond to the questionnaire, and his response was received in this Court on December 21, 2020. (ECF No. 26.)

II.

Under the Federal Rules of Appellate Procedure, a district court can reopen the time to file a notice of appeal if the following three conditions are met: (1) a party did not receive notice of the entry of judgment under Federal Rule of Civil Procedure 77(d) within twenty-one days of the entry of judgment; (2) the party files

3

a motion to reopen within 180 days after entry of judgment or within fourteen days of receiving Rule 77(d) notice, whichever is earlier; and (3) no party is prejudiced by reopening the time. Fed. R. App. P. 4(a)(6).

### A.     Tovar received notice that final judgment had been entered through the prison mail system.

The District Court Clerk's Office mailed the order of acceptance and judgment to Tovar on January 29, 2020, the same day they were signed by the District Court. (ECF Nos. 17, 18.) The District Court Clerk's Office received a letter with Tovar's acknowledgement of judgment on March 3, 2020, and it was sent from prison. (ECF No. 19.)

On or about the first week of February 2020, Tovar received the final order from this Court accepting the magistrate judge's findings, conclusions, and recommendation in the case. (ECF No. 26 at 1.) Tovar avers that he was under the impression the case would then be forwarded to the Fifth Circuit. (*Id.*) On June 1, 2020, he contacted the Fifth Circuit, and Ms. Claudia N. Farrington informed him that they were in receipt of his document "RE: COA and the obtaining of records concerning cause no: 3:15CR-381, 3:18CV-528." (*Id.*) She further informed Tovar that the District Court denied his motion, and if he was seeking to appeal the District Court's decision, it would be accomplished by filing a notice of appeal with the District Court Clerk. (*Id.*) Tovar mailed his first notice of appeal on July 15, 2020, and he received a file date of July 21, 2020. (*Id.*) In his first notice of appeal, he explained the reasons for his delay in filing a notice of appeal. (*Id.*) Specifically,

4

he stated that Christopher Lyons, a certified paralegal and fellow inmate, was assisting him with his legal filings, but Lyons was transferred to the medical unit due to leukemia. (*Id.* at 1-2.) Also, Tovar had limited law library access, there was the ongoing COVID-19 pandemic, and he tested positive for COVID-19. (*Id.*) Tovar claims he is now in the process of retaining qualified legal representation to assist him. (*Id.* at 2.)

**B.     Tovar received notice that final judgment had been entered by February 28, 2020, at the latest**.

Tovar received the mailed notice from this Court that final judgment had been entered by February 28, 2020, at the latest. On or about the first week of February 2020, he claims to have received this Court's final order accepting the magistrate judge's findings, conclusion, and recommendation. (ECF No. 26 at 1.) The judgment and order of acceptance, both signed by the District Court on January 29, 2020, were mailed to Tovar that same day. (ECF Nos. 17, 18.)

**C.     Tovar used the prison mail system to mail his notice of appeal and motion to reopen.**

Tovar used the prison mail system to mail his notice of appeal and motion to reopen. (ECF No. 26 at 4.) His first notice of appeal was mailed out on July 15, 2020. (*Id.*) The envelope received in the Fifth Circuit containing Tovar's first notice of appeal indicates that he used the prison mail system to mail it. (ECF No. 20 at 5.)

5

**D.     Tovar placed his notice of appeal and motion to reopen in the prison mail system on July 14, 2020.**

On July 14, 2020, Tovar delivered his first notice of appeal to the mailboxes on the prison unit. (ECF No. 26 at 5.) Prison staff collect the mail around 8:00 a.m. every morning, and it is then logged in. (*Id.*)  Tovar's first notice of appeal is signed July 14, 2020 and dated July 15, 2020. (ECF No. 20 at 1-2.) It was received by the Fifth Circuit on July 21, 2020. (*Id.* at 1.) This Court specifically asked Tovar when he placed his second notice of appeal in the prison mail system, but he failed to respond to this question. *See* (ECF No. 26 at 5.)

**E.     No party would be prejudiced by reopening the appeal deadline.**

Under the Federal Rules of Appellate Procedure, the time to file an appeal can be reopened for a 14-day period if the district court finds that, among other things, no party would be prejudiced by reopening the time. Fed. R. App. P. 4(a)(6); *see also Bowles v. Russell*, 551 U.S. 205, 207-09 (2007). Here, the Court finds that neither Tovar nor the Government would be prejudiced by reopening the time to allow Tovar to timely file his notice of appeal. After all, Tovar filed two notices of appeal because he wanted to appeal the denial of his § 2255 petition to the Fifth Circuit. Likewise, the Court discerns no prejudice to the Government.

III.

For the foregoing reasons, the Court should adopt the findings contained herein and return this case to the Fifth Circuit Court of Appeals for further proceedings, or dismissal, as may be appropriate.

Signed January 19, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).